**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen McGhee, | No. CV-22-08155-PCT-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Forest Ridge Apartments LLC, et al., | |
| Defendants. | |

Before the Court is Proposed Plaintiff-Intervenor Joseph McGhee's Motion to Intervene (Doc. 5). For the following reasons, the Motion will be denied.

**I.    BACKGROUND**

On September 6, 2022, pro se Plaintiff Karen McGhee filed this action alleging housing discrimination and retaliation claims against Defendants Forest Ridge Apartments LLC and MC Forest Ridge Managing Member Incorporated, from whom she rented an apartment with the assistance of the federal Housing Choice Voucher Program ("HCVP"). (Doc. 1). Plaintiff also filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. (Doc. 4). The Court granted the Motion for TRO, enjoined Defendants from evicting Plaintiff so long as she complies with the terms of her preexisting lease, and set a hearing on the Motion for Preliminary Injunction for September 21, 2022. (Doc. 10).

The same day this case was filed, Plaintiff's son, Joseph McGhee, filed a Motion to Intervene. (Doc. 5). Mr. McGhee has been caring for his mother, who has significant

health issues, since October 2021. (Doc. 5 at 2). In May 2022, Plaintiff began working with the City of Flagstaff Housing Authority ("CFHA") to make Mr. McGhee her live-in aide pursuant to HCVP regulations. (Doc. 5 at 3). In June 2022, in anticipation of becoming Plaintiff's live-in aide, Mr. McGhee moved to a new residence with a month-to-month lease. (Doc. 5 at 3). On August 25, 2022, Plaintiff's CFHA caseworker notified her that her request for a live-in aide had been approved, although it is not clear whether Mr. McGhee was approved to fill that role. (Doc. 5 at 3, 13). Mr. McGhee now moves to intervene "to protect his financial and housing interests which will be damaged were Plaintiff to be evicted by Defendants."[1] (Doc. 5 at 4).

## II.     INTERVENTION AS OF RIGHT

To intervene as of right, a non-party must establish four elements:

> (1) the application must be timely; (2) the applicant must have a significantly protectable interest relating to the transaction that is the subject of the litigation; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impeded the applicant's ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the parties before the court.

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (internal quotation marks omitted). Defendants assert that Mr. McGhee fails to satisfy the second element. (Doc. 17 at 4). "To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). The interest must be "direct, non-contingent, and substantial." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (internal quotation marks omitted).

---

[1] Federal Rule of Civil Procedure 24(c) requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Mr. McGhee has failed to comply with that requirement, but that defect is not fatal. *See Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183 (9th Cir. 2009). It does, however, make it difficult to ascertain exactly what claims Mr. McGhee wishes to assert.

Mr. McGhee claims that he has a significant protectable interest because if the Court does not grant injunctive relief to Plaintiff, "Plaintiff unequivocally will be evicted and will almost certainly lose her HCVP eligibility, which would then harm [Mr. McGhee's] direct financial interest by foreclosing his ability to live in Plaintiff's home rent free as a live-in aid[e] for his mother." (Doc. 5 at 5–6). There are multiple reasons why this is not a significant protectable interest.

First, Mr. McGhee's claimed interest is contingent on him being approved as Plaintiff's live-in aide. As noted, Mr. McGhee asserts and has provided evidence that Plaintiff's request for a live-in aide was approved, but not that Mr. McGhee has been approved to serve as her aide. (Doc. 5 at 3, 13).[2]

Second, Mr. McGhee's claimed interest is not direct. As Mr. McGhee's own explanation shows, his interest is several steps removed from the subject matter of this litigation. At issue is the alleged housing discrimination and retaliation against Plaintiff, which could result in her being evicted, which could result in her losing her HCVP eligibility, which would mean that Mr. McGhee could not live rent-free as a live-in aide—if he were approved to do so. *See Green Fitness Equipment Co., LLC v. Precor Inc.*, No. 18-cv-00820-JST, 2018 WL 3036699, at *2 (N.D. Cal. June 19, 2018) (finding an interest that is speculative and attenuated from the underlying case does not allow for intervention).

Finally, Mr. McGhee has not established that his claimed interest is protectable under any law. Federal regulations protect a disabled person's right to have a live-in aide as a reasonable accommodation under the HCVP. *See* 24 C.F.R. § 982.316. But no law or regulation protects a person's right to *be* a live-in aide. The live-in aide provisions of the HCVP regulations are plainly intended to protect the disabled person, not the live-in aide.

---

[2] Defendants assert that Mr. McGhee would likely be denied as a live-in aide due to recent domestic violence convictions. (Doc. 17 at 5). Because Plaintiff has not had an opportunity to respond to that assertion and the Court cannot confirm that the cited Coconino County Superior Court records involve the same Joseph McGhee due to the expedited briefing of the Motion per Mr. McGhee's request, the Court does not consider it.

Regulations define "live-in aide" as someone who is "essential to the care and well-being of the [disabled] person[ ]" and "would not be living in the unit except to provide the necessary supportive services." *Id.* § 5.403. Thus, if a live-in aide's care is no longer essential to the disabled person, the live-in aide is no longer permitted to live rent-free with the person under the HCVP. Thus, it is clear that the regulations do not protect a live-in aide's access to housing or other interest. Mr. McGhee therefore lacks a significant protectable interest in this case. *Cf. Fresno County v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980) (finding that the proposed intervenors had a protectable interest where they were "precisely those Congress intended to protect" under the law and "precisely those who will be injured" by the defendant's actions). As Mr. McGhee has no protectable interest under the HCVP regulations or any other law—much less one with a direct relationship to the claims at issue—he has no right to intervene.

### III.  PERMISSIVE INTERVENTION

Courts may permit intervention by a non-party where there is "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019). In exercising that discretion, "a court must consider whether intervention will unduly delay or prejudice the original parties and should consider whether the applicant's interests are adequately represented by the existing parties and whether judicial economy favors intervention." *Miracle v. Hobbs*, 333 F.R.D. 151, 156 (D. Ariz. 2019) (citing *Venegas v. Skaggs*, 867 F.2d 527, 530–31 (9th Cir. 1989)).

Defendants argue that Mr. McGhee cannot satisfy the third element.[3] (Doc. 17 at

---

[3] To be sure, Defendants' legal arguments in their Responses leave much to be desired. Going forward, the Court urges the parties to focus on the applicable legal standards and how they apply to the relevant facts rather than their personal disagreements and animosities.

5). The Court agrees. Mr. McGhee asserts that, like Plaintiff, he can bring a discrimination claim under the Fair Housing Act ("FHA"). (Doc. 5 at 10). The FHA allows any "aggrieved person" to sue for discriminatory housing practices. 42 U.S.C. § 3613(a)(1)(A). An "aggrieved person" is defined as anyone who "(1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." *Id.* § 3602(i). The standard for FHA standing is "very liberal" as the "sole requirement . . . is the Article III minimia of injury in fact." *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 475 (9th Cir. 1998) (internal quotation marks omitted). Still, an Article III injury in fact is one that "is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Mr. McGhee asserts that he will be injured by Defendants' alleged FHA violations because "[s]hould Defendants succeed in evicting Plaintiff then [Mr. McGhee] will be deprived of associating with his mother because she will likely be homeless or even deceased shortly thereafter." (Doc. 5 at 10). The Court does not question the seriousness of these asserted injuries if they were to occur. But there is no basis to believe that Mr. McGhee would be unable to associate with Plaintiff even if she were to become homeless. And there is no evidence that Plaintiff's death is imminent; rather, any injury to Mr. McGhee on that basis is entirely conjectural and hypothetical. Finally, Mr. McGhee's inability to live rent-free as a live-in aide for Plaintiff does not suffice to establish an injury, either, as it is not concrete, particularized, actual, or imminent given that he does not currently live with her nor has he shown that he has been approved to be her live-in aide. Mr. McGhee lacks standing to bring an FHA claim, so he sets forth no claim that shares common questions with Plaintiff's claims. Accordingly, there are no grounds for permissive intervention.

### IV.     CONCLUSION

There is no basis for Mr. McGhee to intervene in this case. As a result, he may not present arguments to this Court. Plaintiff and Mr. McGhee are again reminded that

1  because Mr. McGhee is not authorized to practice law, he may not represent Plaintiff or
2  prepare documents on her behalf. (*See* Doc. 10 at 6–7 n.5; Doc. 14 at 1–2).
3      **IT IS THEREFORE ORDERED** that Proposed Plaintiff-Intervenor Joseph
4  McGhee's Motion to Intervene (Doc. 5) is **denied**.
5      Dated this 15th day of September, 2022.

_____
Honorable Steven P. Logan
United States District Judge