**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Karen McGhee, | No. CV-22-08155-PCT-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Forest Ridge Apartments LLC, et al., | |
| Defendants. | |

Before the Court is "Next Friend" of Plaintiff Joseph McGhee's Motion to Appoint Counsel and Continue Preliminary Injunction Hearing (Doc. 28).[1] The Motion will be stricken.

Federal Rule of Civil Procedure ("Rule") 17(c)(2) provides:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

"The preferred procedure when a substantial question exists regarding the mental competence of a party proceeding pro se is for the district court to conduct a hearing to determine whether or not the party is competent, so that a representative may be

---

[1] The Court previously denied Mr. McGhee's Motion to Intervene. (Doc. 21). Mr. McGhee has also been repeatedly warned that he may not represent Plaintiff because he is not an attorney, after initially stating that he prepared her Complaint and Motion for TRO and Preliminary Injunction. (*See* Doc. 21 at 5–6).

appointed if needed." *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). Here, no substantial question as to Plaintiff's competence has been raised. Mr. McGhee's Motion states that "[o]n the morning of September 20, 2022 Plaintiff was hospitalized due to complications related to her numerous disabilities . . . and is therefore incompetent to represent herself." (Doc. 28 at 2–3). But the Motion provides no detail about Plaintiff's condition or why it renders her legally incompetent to represent herself. Thus, the Court has no information at this time that suggests a Rule 17(c) inquiry is necessary. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 n.4 (2d Cir. 2003) ("[A]bsent actual documentation or testimony by a mental professional, a court of record, or a relevant public agency, the district court is not required to undertake an inquiry into a pro se litigant's mental capacity."). Moreover, before a next friend can file a substantive motion, that person must be *appointed* next friend by the Court, as the Court would first need to determine whether Plaintiff has an appropriate representative under Rule 17(c)(1) and if not, who an appropriate next friend or guardian ad litem would be. Accordingly, the Motion will be stricken. *See Owens v. Degazio*, No. 2:16-cv-2750 JAM KJN P, 2018 WL 1440931, at *1 (E.D. Cal. Mar. 22, 2018) (striking a filing by a non-party).

Even if the Court did consider the Motion, the relief requested therein would be denied. First, the September 21, 2022 Preliminary Injunction Hearing that Mr. McGhee sought to have continued has already been held, so that request is moot. Although the Motion is dated September 20, 2022, it was not filed until after the Hearing. *See Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) ("When papers are mailed to the clerk's office, filing is complete when the papers are received by the clerk.").

Second, the Court sees no cause to appoint counsel. There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Corrs. Corp. of Am.*,

390 F.3d 1101, 1103 (9th Cir. 2004)); *see also* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent *any* person unable to afford counsel") (emphasis added). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [litigant] to articulate [her] claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). At this time, there is no indication that Plaintiff is incapable of navigating her proceedings and presenting intelligible arguments to the Court. Many pro se litigants experience difficulties due to lack of legal training, age, and disability, and such circumstances are not exceptional. From the record, Plaintiff appears to be in a similar position as many pro se litigants.

**IT IS THEREFORE ORDERED** that the Clerk of Court shall **strike** "Next Friend" of Plaintiff Joseph McGhee's Motion to Appoint Counsel and Continue Preliminary Injunction Hearing (Doc. 28).

Dated this 23rd day of September, 2022.

Honorable Steven P. Logan
United States District Judge